United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE A. HAMANN,<br><br>            Plaintiff,<br><br>       v.<br><br>CITY OF OAKLAND, *et al.*,<br><br>            Defendants.<br>_____/ | No. C-03-0437 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 268)** |

Plaintiff Charlotte A. Hamann has filed a motion asking the Court to (1) reconsider its order of April 19, 2007; (2) order that certain discovery be completed; (3) sanction the Kaiser Defendants for conducted related to depositions of the Kaiser physicians; and (4) extend the time for her to appeal. Having reviewed the motion and accompanying submissions, the Court hereby **DENIES** all requests for relief.

## I.   DISCUSSION

A.   Plaintiff's Motion to Reconsider

Ms. Hamann asks first that the Court reconsider its order of April 19, 2007. In its April 19 order, the Court made various rulings. Based on Ms. Hamann's motion, the only ruling that appears to be at issue is the fifth ruling -- *i.e.*, that Ms. Hamann file and serve a motion for reconsideration of the summary judgment order by May 7, 2007.

Under Civil Local Rule 7-9, a party seeking reconsideration of a court order must first obtain leave of the court to file the motion. *See* Civ. L.R. 7-9(a). The party moving for leave to file a motion for reconsideration

must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

According to Ms. Hamann, the Court should reconsider its ruling that she file and serve a motion for reconsideration of the summary judgment order by May 7 because there are new facts that have occurred since the Court's April 19 order. More specifically, Ms. Hamann points to problems that she has encountered with taking the depositions of the Kaiser physicians and obtaining her medical records from the Kaiser Defendants.

These new facts, however, are not material -- at least, not with respect to the issue of whether the Court should reconsider its order setting forth the May 7 deadline for Ms. Hamann's filing and serving a motion for reconsideration of the summary judgment. In ordering that Ms. Hamann file and serve a motion to reconsider the summary judgment order by May 7, the Court was aware of Ms. Hamann's contention that there was outstanding discovery related to the Kaiser physicians and her medical records which she needed in order to oppose the Kaiser Defendants' motion for summary judgment. But the Court never held that Ms. Hamann needed this discovery in order to file her motion for reconsideration of the summary judgment order. Furthermore, Ms. Hamann does not explain why she could not have made this same contention (*i.e.*, that she needed the discovery in order to oppose the summary judgment motion) in a timely motion to reconsider the summary judgment order by May 7. As borne out by Ms. Hamann's declaration, the issues regarding the depositions and the medical records were largely evident prior to May 7.

There is larger point that Ms. Hamann fails to address. Ms. Hamann's basic contention is that she did not file an opposition to the Kaiser Defendants' summary judgment motion because of the outstanding discovery described above. However, after the Kaiser Defendants filed their motion, Ms. Hamann never made a timely Rule 56(f) request to the Court, asking it to continue consideration of the summary judgment motion in order for her to obtain the discovery.[1] *See* Fed. R. Civ. P. 56(f).

Furthermore, the "new" evidence she seeks to develop and submit in seeking reconsideration of the summary judgment order focuses on her alleged heart condition. However, this information is immaterial to the basis of the Court's grant of summary judgment for Kaiser. The only possible exception is her reference in the moving papers to the Gelfond testimony about the possibility of his filling out a Penal Code § 1160 reporting form. But as noted in this Court's order granting summary judgment, such a fact would not raise a genuine issue of material fact as to the existence of the alleged conspiracy between the City Defendants (or other law enforcement) and the Kaiser Defendants. Thus, even if the Court were to allow Ms. Hamann to seek reconsideration of the merits of the summary judgment order, it is doubtful such reconsideration would be granted.

As a final point, the Court addresses a point that Ms. Hamann raised at the case management conference of April 18. At the conference, Ms. Hamann contended that in addition to her need for discovery related to the Kaiser physicians and other medical evidence, the Court's fourth amended case management and pretrial order barred her from filing an opposition unless she was specifically ordered to do so. The Court rejects Ms. Hamann's contention.

First, at the case management conference of February 28, 2007, the Court specifically discussed with the parties the briefing schedule for any motion for summary judgment to be filed by

---

[1] It should also be noted that the discovery at issue largely concerns the depositions of the Kaiser physicians, and this was discovery that was actually requested by the City Defendants, not Ms. Hamann. Notably, even after the February 28, 2007, case management conference, where the Court made clear that the City Defendants could take the depositions of the Kaiser physicians because the expert discovery cut-off had not yet passed, Ms. Hamann did not make any effort to take expert discovery herself from the Kaiser physicians. In her declaration, Ms. Hamann claims that she noticed the deposition of at least Dr. Gelfond. However, Ms. Hamann does not provide any documentary proof that she did in fact notice the deposition, nor does she provide any evidence as to when she issued the notice -- *i.e.*, it is not clear that the deposition was noticed prior to the expert discovery cut-off of March 16, 2007.

3

1  Defendants (whether the Kaiser Defendants or the City Defendants).  That briefing schedule
2  included a date for an opposition to be filed.

3  Second, the Court's fourth amended case management and pretrial order memorialized the
4  Court's discussion with the parties regarding a briefing schedule for any motion for summary
5  judgment, providing: "The last day for **hearing** dispositive motions shall be **4/18/2007 at 2:30 p.m.**
6  Dispositive motions shall be served and filed by **3/14/2007**, thirty-five (35) days **prior** to the
7  scheduled hearing date.  *Any opposition shall be served and filed no later than twenty-one (21) days*
8  *prior to the hearing date.*  Any reply to the opposition shall be served and filed no later than
9  fourteen (14) days prior to the date of the hearing." Order of 2/28/07, at 3 (emphasis in italics
10 added).

11 The Court acknowledges that immediately following the above statement the fourth amended
12 case management and pretrial order states: "If any motion is filed with this Court by any party, the
13 Court will determine whether the opposing party(s) needs to file an opposition.  No opposition need
14 be filed until ordered by the Court." *Id.*  However, given the discussion at the February 28, 2007
15 case management conference and the fourth amended case management order setting forth specific
16 timelines for summary judgment filings, it should have been clear that the above caveat did not
17 apply to the summary judgment motion.  Moreover, as Ms. Hamann admitted at the case
18 management conference of April 18, she did contact the Court to seek clarification on this specific
19 matter.  The Court informed Ms. Hamann, through Court staff, that she needed to file an opposition
20 to the Kaiser Defendants' motion for summary judgment.  Ms. Hamann has not disputed this fact.
21 Ms. Hamann's only contention, therefore, is that this oral instruction from the Court was not
22 adequate and that she needed a formal, written order from the Court requiring her to file an
23 opposition.  The Court does not find this contention meritorious.

24 In view of the pendency of the trial dates and the numerous opportunities the Court has
25 afforded Ms. Hamann in litigating this case, the Court will not reconsider the scheduling deadline set
26 forth in its April 19, 2007 order.

27
28

### B. Plaintiff's Motion to Complete Ordered Discovery

Second, Ms. Hamann asks that the Court order the Kaiser Defendants to complete the discovery ordered by the Court on April 19. The Court denied this request at the pretrial conference held on May 14, 2007, and now reaffirms this ruling. The Court had ordered the discovery because, at that point, the case was proceeding to trial. Ms. Hamann has now stated that she does not intend to proceed with trial. As Ms. Hamann does not intend to proceed with trial, the Court will not require the Defendants to expend more time and incur more costs for discovery. Moreover, as noted above, further discovery on her alleged heart damage is immaterial to the Court's grant of summary judgment to the Kaiser Defendants. Also, Ms. Hamann has not demonstrated that discovery pending appeal is appropriate. *See* Fed. R. Civ. P. 27(b).

### C. Plaintiff's Motion for Sanctions

Third, Ms. Hamann asks that the Kaiser Defendants be sanctioned because of their conduct at the depositions of the Kaiser physicians. More specifically, Ms. Hamann asks that the Court order the Kaiser Defendants to pay for the costs of further continued depositions of the Kaiser physicians. Because further discovery is denied, this request is moot.

### D. Plaintiff's Motion to Extend Time to Appeal

Finally, Ms. Hamann asks that the Court extend by thirty days the time for her to appeal. It is not clear what Ms. Hamann seeks to appeal (at this point, she has already filed a notice of appeal with respect to the Court's summary judgment order) and why she needs the extension. Accordingly, the request is denied without prejudice. The Court notes for Ms. Hamann that, under 28 U.S.C. § 2107(c), a court may only give an extension "upon a showing of excusable neglect or good cause." 28 U.S.C. § 2107(c). Moreover, the Court has already issued an order directing the Clerk not to enter any judgment, and has deferred entry of judgment until May 21, 2007.

///
///
///
///
///

## II. CONCLUSION

For the foregoing reasons, the Court denies Ms. Hamann's motion to reconsider as well as all motions discussed above.

This order disposes of Docket No. 268.

IT IS SO ORDERED.

Dated: May 17, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge