UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE A. HAMANN, | No. C-03-0437 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING CITY DEFENDANTS WITH PREJUDICE; AND DIRECTING ENTRY OF FINAL JUDGMENT** |
| CITY OF OAKLAND, *et al.*, | |
| Defendants. _____/ | |

On April 18, 2007, Ms. Hamann informed the Court that although a jury trial had long been set, she did not intend to proceed with trial against the City Defendants in the above-referenced case because her health -- alleged damage to her heart -- did not permit her to proceed. The Court ordered Ms. Hamann to file and serve by May 7, 2007, a definitive statement as to whether or not she would in fact proceed with trial. *See* Docket No. 255. The Court warned Ms. Hamann that, if she refused to go forward with trial, then the case would be dismissed with prejudice. *See id.*

Ms. Hamann did not file a statement by May 7 as ordered by the Court but ultimately did file such a statement on May 9. *See* Docket No. 264. According to the statement, she was not able to proceed with trial because of her alleged heart condition. In light of Ms. Hamann's statement, the Court could have dismissed the case with prejudice at that point but, at Ms. Hamann's request, kept on calendar the pretrial conference scheduled for May 14, 2007.

At the pretrial conference, the Court gave Ms. Hamann fourteen days (*i.e.*, until May 28, 2007) to file a certification from a licensed health professional demonstrating that her heart condition prevents her from prosecuting the case. Ms. Hamann was instructed that, absent such a

filing and reconsideration of the prior order granting summary judgment to the Kaiser Defendants, a final judgment as to all Defendants would be entered on May 28.

Ms. Hamann failed to file a certification on May 28. Furthermore, by May 17, 2007, the Court had denied Ms. Hamann's motion to reconsider with respect to the Kaiser Defendants.

Accordingly, the Court hereby **DISMISSES** with prejudice all claims against the City Defendants. The Court has given Ms. Hamann numerous opportunities to prosecute this case or to provide medical verification excusing her failure to prosecute. Earlier in the litigation, for instance, the Court stayed all proceedings for months at Ms. Hamann's request. This case has been pending for approximately four years. Both the Kaiser and City Defendants have retained outside counsel to defend these cases. Ms. Hamann has filed a substantial amount of motions, many of which were very voluminous, to which Defendants have had to respond. Ms. Hamann has been given ample opportunities to provide substantive responses to reasonable discovery requests, to the Kaiser Defendants' motion for summary judgment, and to the requisite filings for trial. Though she was able to make numerous and voluminous filings on a plethora of points, she did not meet any of her substantive obligations. Nor has she provided any competent medical verification that her health prevents her from prosecuting this case.

The Court orders the Clerk of the Court to enter final judgment in the case in favor of both the City Defendants and the Kaiser Defendants and to close the file in this case.

IT IS SO ORDERED.

Dated:  May 31, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge